## O'CLAIR v. HALE.

(Supreme Court, Appellate Division, Third Department. November 22, 1898.)

LOGGING LIEN—POSSESSION OF PROPERTY.

    Where the only evidence that plaintiff was in possession of certain logs was that he was employed, for a specified compensation, to cut, skid, and draw the logs owned by his employer, there is no such possession shown as to entitle him to a lien under Laws 1897, c. 418, § 70, providing for a lien while lawfully in possession, since the possession of one as an employé is the possession of the employer.

Appeal from special term, St. Lawrence county.

Action by Peter O'Clair against Ledyard P. Hale, as receiver of the Canton Lumber Company. From an order denying the lien (54 N. Y. Supp. 386), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

William Neary, for appellant.

Bowers & Russell (Lawrence Russell, of counsel), for respondent.

PER CURIAM. The plaintiff, having a claim of $757.42 against the Canton Lumber Company—a corporation of which the defendant has been appointed receiver—for services in cutting, skidding, and drawing a quantity of logs, seeks to enforce an alleged lien thereon under and by virtue of the provisions of section 70, c. 418, Laws 1897. The statute in question did not create a lien in favor of the plaintiff on the logs, unless he is or was in possession thereof. It is stated in the submission that such logs were purchased by the Canton Lumber Company, and that it employed the plaintiff to cut, skid, and draw them for a stipulated compensation. To entitle the plaintiff to the

relief demanded, he is compelled to show possession of the logs. The facts stated in the submission do not establish such possession. They show that the plaintiff was employed by the Canton Lumber Company to do the work in question. In the absence of any statement of facts in the submission showing possession of the logs in the plaintiff, it is to be presumed that this property purchased by the defendant, and which it employed defendant to work upon, remained in its possession. Such possession as the plaintiff had as an employé should be deemed the possession of his employer, the Canton Lumber Company. The mere statement in the submission that the corporation employed the plaintiff to cut, skid, and draw some logs owned by it does not show such a possession of the logs in the plaintiff as entitles him to a lien under the statute. The authorities cited by the learned counsel for the plaintiff are distinguishable from this case. We conclude that the plaintiff has no lien upon the logs in question, and hence answer the question propounded in the submission in the negative.

The order should be affirmed, and judgment rendered for the defendant on the submission, with costs.